Joseph J. Schoellkopf, Jr., Esq. Informal Opinion Brighton Fire District No. 5 No. 97-44 1000 Cathedral Place 298 Main Street Buffalo, N Y 14202-4096
Dear Mr. Schoellkopf:
You have asked whether a person may hold simultaneously the position of fire district commissioner and the paid position of master mechanic of the fire district.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
Fire district commissioners, acting as a board, are authorized to employ persons who are necessary to carry out the purposes of the district. Town Law § 176(18-a). Under this provision, they specify the terms and conditions of employment of paid employees. The board may adopt rules and regulations governing all fire companies and fire departments of the district, prescribe the duties of the members and enforce discipline.Id., § 176(11). On behalf of the board, the fire chief supervises the members, officers and employees of the fire district, holds them accountable for neglect of duty and may suspend them for improper conduct, subject to action by the board at its next meeting. Id., § 176-a(1).
Under the above provisions, we believe that the position of master mechanic is subordinate to the office of fire district commissioner and, therefore, the positions are incompatible and should not be held by the same person. The fire district commissioners determine the terms and conditions of employment of paid employees and are responsible for disciplining these employees. They must perform these responsibilities impartially. Even the appearance of impropriety must be avoided to maintain confidence in government. In prior opinions of this office, we have found that a member of a legislative body should not also serve as an employee of the municipality. Op Atty Gen (Inf) No. 81-55.
We note that the Town Law specifically allows a volunteer firefighter to also serve as a fire district commissioner. Town Law § 175(3). There is no similar statutory provision covering an employee of the fire district.
We conclude that a person may not hold both the positions of master mechanic of the fire district and fire district commissioner.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions